**| Respond to Selected Documents**

**Sort Date Entries: Descending Ascending**

**Display Options:** All Entries

**01/30/2026**

**Summ Issd- Circ Pers Serv O/S**
Document ID: 26-SMOS-286, for MAGS TRUCKING INCORPORATED Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Summ Issd- Circ Pers Serv O/S**
Document ID: 26-SMOS-285, for HAWK, JAMES Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**01/21/2026**

**Filing Info Sheet eFiling**

**Filed By:** MARK LEO FLOYD

**Pet Filed in Circuit Ct**
Petition for Damages; Request for Process Server.
**Filed By:** MARK LEO FLOYD
**On Behalf Of:** BRANDON GOULD

**Motion Special Process Server**

**Judge Assigned**
DIV 9

**EXHIBIT A**

Electronically Filed - St Louis County - January 21, 2026 - 01:58 PM

**Claim In Excess of $25,000.00**

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| BRANDON GOULD,<br><br>Plaintiff,<br><br>vs.<br><br>MAGS TRUCKING, INCORPORATED,<br>Serve: Registered Agent:<br>Dewayne Smith<br>2610 Hwy 367 South<br>Cabot, AR 72023<br><br>and<br><br>JAMES HAWK<br>Serve: 125 Meadow Dr.<br>Beebe, AR 72012<br><br>Defendants. | Cause No.<br><br>**Plaintiff Demands Trial by Jury** |

**<u>PETITION FOR DAMAGES</u>**
**(Vehicular Collision - Personal Injury)**

COMES NOW Plaintiff, Brandon Gould, and for his cause of action against Defendants, Mags Trucking, Incorporated and James Hawk, states as follows:

1. At all times herein mentioned, Interstate Highway 270 was an open, public street, highway, and thoroughfare within the County of St. Louis, State of Missouri, extending generally in a northwardly and southwardly direction.

2. On or about December 1, 2021, Plaintiff was lawfully operating a 2017 Cadillac ATS in a southerly direction on Interstate Highway 270 in St. Louis County, Missouri. At said time and place, Defendant James Hawk was operating a 2019 Peterbilt commercial tractor-trailer, traveling in the same direction on said highway.

Electronically Filed - St Louis County - January 21, 2026 - 01:58 PM

3. At said time and place, Defendant James Hawk caused and allowed said 2019 Peterbilt tractor-trailer to change lanes and come into collision with the rear and/or side of Plaintiff's substantially smaller 2017 Cadillac ATS. The collision was significant in force and caused Plaintiff to be violently jostled within his vehicle, resulting in bodily injury.

4. At all relevant times herein mentioned, Defendant James Hawk was the agent, representative and employee of Defendant Mags Trucking, Incorporated, and was acting within the course and scope of his employment at the time of the collision described herein. Accordingly, Defendant Mags Trucking, Incorporated is vicariously liable for the acts and omissions of Defendant James Hawk.

5. Plaintiff's injuries and damages were directly and proximately caused by the negligence of Defendants in one or more of the following respects:

a. Defendants failed to keep a careful and proper lookout;

b. Defendants failed to ascertain that it was reasonably safe to change lanes;

c. Defendants caused and allowed their commercial motor vehicle to come into collision with Plaintiff's vehicle;

d. Defendants failed to exercise the highest degree of care in the operation of a motor vehicle; and

e. Defendants violated the rules of the road and applicable Missouri motor vehicle statutes.

6. As a direct and proximate result of the aforesaid negligence on the part of Defendants, Plaintiff was caused to sustain the following injuries and damages;

a. Plaintiff sustained sprains and strains to the cervical, thoracic, and lumbar spine;

Electronically Filed - St Louis County - January 21, 2026 - 01:58 PM

b. Plaintiff sustained injuries to the muscles, ligaments, tendons, cartilage, discs, and other connective tissues of the neck and back;

c. Plaintiff sustained disc injuries and spinal pathology in the cervical and lumbar regions;

d. Plaintiff sustained injuries to the shoulders, hips, knees, and other bodily structures; and

e. Plaintiff sustained the aggravation and acceleration of pre-existing, asymptomatic or minimally symptomatic degenerative spinal conditions.

7. Plaintiff has suffered, suffers, and will in the future suffer pain of body and anguish of mind as a result of said injuries. Plaintiff's injuries are permanent in nature.

8. Plaintiff has incurred reasonable and necessary medical expenses for the diagnosis, care, and treatment of his injuries, and will in the future be required to incur additional medical expenses for said care and treatment.

9. Plaintiff has lost earnings and his ability to work, labor, and earn a livelihood has been impaired, lessened and restricted.

10. Plaintiff's ability to pursue recreational activities and to enjoy life in general has been permanently impaired, lessened and restricted.

**WHEREFORE**, Plaintiff prays for judgment against Defendants , jointly and severally, in a fair and reasonable sum in excess of $25,000.00, together with his costs herein expended, and for such other and further relief as this Court deems just and proper.

Electronically Filed - St Louis County - January 21, 2026 - 01:58 PM

THE FLOYD LAW FIRM, P.C.

/s/ Mark L. Floyd
Mark L. Floyd #43643
8151 Clayton Road, Suite 202
St. Louis, Missouri 63117
314-863-4114
314-863-4150 Fax
mark@thefloydlawfirm.com
ATTORNEY FOR PLAINTIFF

26SL-CC00817

Electronically Filed - St Louis County - January 21, 2026 - 01:58 PM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

For File Stamp Only

January 21, 2026
Date

Brandon Gould
Plaintiff/Petitioner

Case Number

vs.

Division

MAGS Trucking Incorporated & James Hawk
Defendant/Respondent

# REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Mark L. Floyd (Requesting Party), pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Ken Kelly, Jack Haldeman and Marybeth Rice 1528 S. Big Bend Blvd. Richmond Heights, MO 63117 314-918-0448
Name of Process Server — Address — Telephone

Name of Process Server — Address or in the Alternative — Telephone

Name of Process Server — Address or in the Alternative — Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
Mags Trucking Incorporated - Reg Agent Dewayne Smith
Name
2610 HIghway 367 South
Address
Cabot, AR 72023
City/State/Zip

SERVE:
James Hawk
Name
125 Meadow Drive
Address
Beebe, AR 72012
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By ______________________
Deputy Clerk

______________________
Date

/s/ Mark L. Floyd
Signature of Attorney/Plaintiff/Petitioner
43643
Bar No.
8151 Clayton Rd #202 St. Louis MO 63117
Address
(314) 863-4114 (314) 863-4150
Phone No. Fax No.

Electronically Filed - St Louis County - January 21, 2026 - 01:58 PM

Local Rule 28. SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com. (LawandPublicSafety/Circuit/Forms).

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system. Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

26SL-CC00817

Electronically Filed - St Louis County - January 21, 2026 - 01:58 PM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

For File Stamp Only

Brandon Gould
Plaintiff/Petitioner

January 21, 2026
Date

Case Number

vs.

Division

MAGS Trucking Incorporated & James Hawk
Defendant/Respondent

# REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Mark L. Floyd (Requesting Party), pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Ken Kelly, Jack Haldeman and Marybeth Rice 1528 S. Big Bend Blvd. Richmond Heights, MO 63117 314-918-0448
Name of Process Server Address Telephone

Name of Process Server Address or in the Alternative Telephone

Name of Process Server Address or in the Alternative Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
Mags Trucking Incorporated - Reg Agent Dewayne Smith
Name
2610 HIghway 367 South
Address
Cabot, AR 72023
City/State/Zip

SERVE:
James Hawk
Name
125 Meadow Drive
Address
Beebe, AR 72012
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By /S/ Adam Dockery
Deputy Clerk

01/30/2026
Date

/s/ Mark L. Floyd
Signature of Attorney/Plaintiff/Petitioner
43643
Bar No.
8151 Clayton Rd #202 St. Louis MO 63117
Address
(314) 863-4114 (314) 863-4150
Phone No. Fax No.

Electronically Filed - St Louis County - January 21, 2026 - 01:58 PM

Local Rule 28. SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com. (LawandPublicSafety/Circuit/Forms).

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system. Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

# Summons for Personal Service Outside the State of Missouri (Except Attachment Action)

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>DAVID L VINCENT III | **Case Number: 26SL-CC00817** | |
| Plaintiff/Petitioner:<br>BRANDON GOULD<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MARK LEO FLOYD<br>8151 CLAYTON ROAD<br>STE. 202<br>ST LOUIS, 63117 | |
| Defendant/Respondent:<br>MAGS TRUCKING INCORPORATED | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | |

**The State of Missouri to**: **MAGS TRUCKING INCORPORATED**
**Alias:**

**REG AGT, DEWAYNE SMITH**
**2610 HIGHWAY 367 SOUTH**
**CABOT, AR 72023**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

| 30-JAN-2026 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

**Officer's or Server's Affidavit of Service**

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is ______________________________ of ____________________ County, ______________ (state).
3. I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to: ____________________________________ (name) ______________________(title).

☐ other: ________________________________________________________________.

Served at ____________________________________________________________ (address) in __________________________ (County), ___________ (state), on ________________(date) at __________ (time).

______________________________ Printed Name of Officer or Server

______________________________ Signature of Officer or Server

**Subscribed and sworn to** before me this ____ (day) ___________ (month), ______ (year).

I am: (check one)

☐ the clerk of the court of which affiant is an officer.

☐ the judge of the court of which affiant is an officer.

☐ authorized to administer oaths in the state in which the affiant served the above summons (use for out-of-state officer).

☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

______________________________
Signature and Title

**Service Fees**

Summons $___________

Non Est $___________

Mileage $___________ (______ miles @ $.______ per mile)

**Total $___________**

See the following page for directions to officer making return on service of summons.

Case Number: 26SL-CC00817

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it shall be returned to the court within 30 days after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended up to ninety days from the date of issue by order of the court.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the “neutral,” who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator’s decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) <u>Mediation:</u>** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**<u>(4) Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**<u>(5) Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**<u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

**OFFICE OF THE CIRCUIT CLERK**
Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

# Summons for Personal Service Outside the State of Missouri (Except Attachment Action)

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>DAVID L VINCENT III | **Case Number: 26SL-CC00817** | |
| Plaintiff/Petitioner:<br>BRANDON GOULD<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MARK LEO FLOYD<br>8151 CLAYTON ROAD<br>STE. 202<br>ST LOUIS, 63117 | |
| Defendant/Respondent:<br>MAGS TRUCKING INCORPORATED | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | |

**The State of Missouri to: JAMES HAWK**
**Alias:**

**125 MEADOW DRIVE**
**BEEBE, AR 72012**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

30-JAN-2026 /S/ Adam Dockery
Date Clerk

**Further Information:**
AD

## Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is ______________________________ of ____________________ County, ______________ (state).
3. I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
___________________________________ (name) ______________________(title).

☐ other: _______________________________________________________________.

Served at ____________________________________________________________ (address)
in _________________________ (County), ___________ (state), on ________________(date)
at __________ (time).

___________________________________ ___________________________________
Printed Name of Officer or Server Signature of Officer or Server

**Subscribed and sworn to** before me this ____ (day) ___________ (month), ______ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.

☐ the judge of the court of which affiant is an officer.

☐ authorized to administer oaths in the state in which the affiant served the above summons (use for out-of-state officer).

☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

___________________________________
Signature and Title

**Service Fees**

Summons $____________
Non Est $____________
Mileage $____________ (______ miles @ $.______ per mile)
**Total** **$____________**

See the following page for directions to officer making return on service of summons.

Case Number: 26SL-CC00817

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it shall be returned to the court within 30 days after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended up to ninety days from the date of issue by order of the court.

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the “neutral,” who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator’s decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) <u>Mediation:</u>** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**<u>(4) Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**<u>(5) Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**<u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

**OFFICE OF THE CIRCUIT CLERK**
Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.